IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RYAN CHURCH,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA f/k/a/<br>COUNTRYWIDE BANK, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTION FOR SANCTIONS<br><br><br><br>Case No. 2:10-CV-591 TS |

I. MOTIONS TO DISMISS

Plaintiff moves the Court to dismiss this action against Defendants without prejudice.[1] Under Rule 41 of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[2] Defendants agree that dismissal is appropriate, but argues that the case be

---

[1] Docket No. 4.

[2] Fed.R.Civ.P. 41(a)(2). The Court notes that a Plaintiff may voluntarily dismiss an action without a Court Order by (1) filing a notice of dismissal before the opposing party serves an answer or motion for summary judgment or (2) filing a stipulated dismissal. *Id.* at 41(a)(1)(A). Plaintiff has failed to comply with either of these requirements.

1

dismissed with prejudice because the case law cited in support of its own Motion to Dismiss[3] favors dismissal on the merits.  The Court agrees with Defendants that the case law cited in Defendants' briefs demonstrates that Plaintiff's claims fail to state a claim upon which relief can be granted.  Indeed, the Court notes that the legal theories upon which Plaintiff bases his claims have been repeatedly rejected in this District.[4]  Accordingly, the Court finds that dismissal with prejudice for the failure to state a claim is appropriate.

## II.  MOTION FOR SANCTIONS

Defendants move the Court for sanctions against Plaintiff's counsel under Fed.R.Civ.P. 11.[5]  Defendants argue that this Court has previously rejected claims identical to those brought against it.  As a result, Defendants argue, Plaintiff's counsel should have known before the filing of the complaint that the claims he was attempting to assert have been precluded.

Plaintiff's counsel responds that, at the time the Complaint was filed, there were no direct rulings by this Court against the type of relief sought by Plaintiff.  Therefore, counsel argues, sanctions are inappropriate because there was no violation of Rule 11 that warrants sanctions.

---

[3] *See* Docket No. 5.

[4] *E.g. Foster v. BAC Home Loan Servicing, LP,* 2010 WL 3791976, at 3 (D. Utah Sept. 22, 2010) (collecting cases).

[5] Docket No. 2.

In reply, Defendants argue that Plaintiff should have withdrawn his Complaint within twenty-one days after Defendants sent counsel a letter requesting he do so.[6]

Considering the facts of this case, the Court finds that sanctions are not warranted here. Under Fed.R.Civ.P. 11(b):

> By presenting to the court a pleading, written motion, or other paper —
> whether by signing, filing, submitting, or later advocating it — an attorney
> . . . certifies that to the best of the person's knowledge, information, and
> belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass,
> cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by
> existing law or by a nonfrivolous argument for extending, modifying, or
> reversing existing law or for establishing new law . . . .

Here, Plaintiff asserts that, at the time they filed their Complaint, there were no direct rulings by this Court against the type of relief Plaintiffs sought. Defendant has provided nothing to counter Plaintiffs' assertion, though the Court would note that at least one decision addressing the issues contained in Plaintiffs' Complaint had been issued before the Complaint was filed.[7] However, it was not until after the Complaint was filed in this matter that the claims contained therein were soundly and repeatedly rejected by this Court. Based upon this, the Court cannot find that, at the time of the filing of the Complaint, Plaintiffs' claims were clearly frivolous. Further, while it did not happen here, Plaintiffs could have sought to argue for modifying or reversing the

---

[6]*See* Docket No. 8, at 1-2.

[7]*Burnett v. Mort. Elec. Registration Sys., Inc.*, No. 1:09-CV-69 DAK, 2009 WL 3582294, at *4 (D.Utah Oct. 27, 2009).

Court's previous decisions in this area, something clearly permitted by Rule 11. The Court does not wish to discourage such zealous advocacy by the issuance of sanctions. For these reasons, the Court finds that sanctions are not appropriate in this matter.

### III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 5) and Plaintiff's Motion to Dismiss (Docket No. 4) are GRANTED and the Complaint is DISMISSED WITH PREJUDICE for the failure to state a claim upon which relief can be granted. It is further

ORDERED that Defendants' Motion for Sanctions (Docket No. 2) is DENIED.

The Clerk of Court is directed to close this case forthwith.

DATED   January 25, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge